**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MICHELLE BUTZ, et al., | CIVIL ACTION NO. 09-761 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| JAMES SCHLEIG, et al., |  |
| Defendants. |  |

**COOPER, District Judge**

Plaintiffs, Michelle Butz and Brian Butz (collectively, "plaintiffs"), brought this action to recover damages for personal injuries in state court against James Schleig ("Schleig") and Watsontown Trucking Co. ("Watsontown" and, with Schleig, "defendants"). (Dkt. entry no. 1, Compl.) Defendants removed the action to federal court based upon 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Rmv. Not. at 1-2.) The Court issued an Order to Show Cause why this action should not be transferred to the United States District Court for the Middle District of Pennsylvania. (Dkt. entry no. 4, Order to Show Cause.) Plaintiffs oppose transfer of venue. (Dkt. entry no. 6, Pls. Br.) Defendants support transfer of venue. (Dkt. entry no. 11, Defs. Br.) The Court determines the Order to Show Cause on briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). The Court, for the reasons stated herein, will

(1) grant the Order to Show Cause, and (2) transfer the action to the United States District Court for the Middle District of Pennsylvania.

### BACKGROUND

Plaintiffs are New Jersey citizens. (Compl. at 1.) Schleig and Watsontown are Pennsylvania citizens and reside within the Middle District of Pennsylvania. (Rmv. Not. at 3 (stating that Watsontown is incorporated, and has its principal place of business, in Pennsylvania); Defs. Br. at 3.) Plaintiffs brought this action based on injuries Michelle Butz sustained in a motor vehicle accident, which occurred in Clearfield County, Pennsylvania. (Compl. at 1-2.) Plaintiffs allege that Schleig, the driver of the vehicle that struck Michelle Butz's vehicle, operated his vehicle in a negligent manner and caused the accident. (Id. at 2.) Plaintiffs also assert that Schleig was employed by Watsontown, and was working as its agent, at the time of the accident. (Id. at 3.) The Court issued an Order to Show Cause why the action should not be transferred to the Middle District of Pennsylvania. (See Order to Show Cause).[1] Both parties responded to the Court, plaintiffs opposing transfer and defendants supporting transfer. (Pls. Br.; Defs. Br.)[2]

---

[1] Defendants objected to venue in their Amended Answer. (Dkt. entry no. 10, Am. Answer at 6.)

[2] Plaintiffs challenge the Court's authority to raise the venue issue sua sponte. (Pls. Br. at 13-15.) Here, the Court

**DISCUSSION**

**I.  Legal Standards**

   **A.   28 U.S.C. § 1391**

The Court's jurisdiction is based upon diversity of citizenship under Section 1332.  (See Rmv. Not. at 1-2.)  Thus, Section 1391(a) governs venue in this action.  28 U.S.C. § 1391(a); see also Tischio v. Bontex, Inc., 16 F.Supp.2d 511, 516 (D.N.J. 1998).  Section 1391(a) provides that where jurisdiction is premised on diversity of citizenship, an action

> may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action

---

identified a potential venue issue and allowed the parties to address the issue through written submissions.  This was certainly within the Court's discretion to do.  See Lafferty v. St. Riel, 495 F.3d 72, 74-75, 75 n.3 (3d Cir. 2007) (declining to disturb district court's decision to transfer under Section 1406(a) where district court sua sponte raised venue issue); Decker v. Dyson, 165 Fed.Appx. 951, 954 n.3 (3d Cir. 2006) (stating district court has broad discretion in deciding whether to transfer an action and may, sua sponte, transfer an action under Section 1406(a)); Knierim v. Siemens Corp., No. 06-4935, 2008 WL 906244, at *19 (D.N.J. Mar. 31, 2008) (transferring action under Section 1404(a) on court's own motion); Sandt v. Luke, No. 03-4379, 2004 WL 2486267, at *1-*3 (E.D. Pa. Nov. 2, 2004) (transferring action sua sponte where defendant did not move to transfer venue, but did raise improper venue as an affirmative defense in the answer).

>    is commenced, if there is no district in which the
>    action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis added).  For purposes of Section 1391, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  Id. § 1391(c).  Venue may be established under subsection (3) only if there is no district that has proper venue under subsections (1) or (2).  Id. § 1391(a); Calkins v. Dollarland, Inc., 117 F.Supp.2d 421, 425-26 (D.N.J. 2000); see also Print Data Corp. v. Morse Fin., Inc., No. 01-4430, 2002 WL 1625412, at *5 n.6 (D.N.J. July 12, 2002).

### B.   28 U.S.C. § 1406(a)

When a district court determines that venue is improper, the district court must dismiss the complaint, or, in the interest of justice, transfer the action to any district in which the action could have been brought.  28 U.S.C. § 1406(a).  Section 1406(a) applies only when venue is improper.  Id.; Lafferty, 495 F.3d at 77-78.

### C.   28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).  To transfer an action under Section 1404(a), venue must be proper both in the transferor

4

court and the transferee court.  Osteotech, Inc. v. GenSci Regeneration Scis., Inc., 6 F.Supp.2d 349, 357 (D.N.J. 1998).  To transfer an action, it must be shown that the alternative venue is not only adequate, but also more convenient than the current one.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  "[T]he decision to transfer must incorporate all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  Rappoport v. Steven Spielberg, Inc., 16 F.Supp.2d 481, 498 (D.N.J. 1998) (quotation and citations omitted).  District courts have broad discretion to determine - on a case-by-case basis - whether considerations of convenience and fairness favor transfer.  Jumara, 55 F.3d at 883; see Decker, 165 Fed.Appx. at 954 n.3.

   Courts balance private and public interests when deciding whether to transfer venue under Section 1404(a).  Jumara, 55 F.3d at 879.  Private interests include a plaintiff's choice of forum, a defendant's preference, whether the claim arose elsewhere, convenience of the parties as indicated by their physical and financial condition, convenience of witnesses to the extent that they may be unavailable in one forum, and the location of books and records to the extent they could not be produced in alternative fora.  Id.; Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554, 557 (D.N.J. 2008).

Courts also consider public interests in the Section 1404(a) analysis, including enforceability of a judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law. Jumara, 55 F.3d at 879-80; Yocham, 565 F.Supp.2d at 557.

## II. Application of Legal Standards

### A. Application of 28 U.S.C. § 1391

Defendants argue that venue is improper under Section 1391. (Defs. Br. at 2.)  Defendants assert that they are both residents of Pennsylvania and none of the events giving rise to the cause of action occurred in New Jersey. (Id. at 3.)  Thus, defendants argue, venue in New Jersey is improper, and the action should be transferred to the Middle District of Pennsylvania. (Id. at 3-4.)  Plaintiffs argue that venue is proper in the District of New Jersey. (Pls. Br. at 4-13.)  Plaintiffs also assert that Watsontown is subject to personal jurisdiction in New Jersey, and therefore, venue is also proper. (Dkt. entry no. 13, Pls. Reply Br. at 2-10.)  Further, plaintiffs contend that venue in New Jersey is established by 49 U.S.C. § 13304. (Id. at 3-10.)

The Court finds that venue in the District of New Jersey is improper under Section 1391(a).  Section 1391(a) applies here

because jurisdiction is based solely on diversity of citizenship. (See Rmv. Not.)  28 U.S.C. § 1391(a).  Venue is improper under Section 1391(a)(1) because both defendants reside in Pennsylvania.  (Rmv. Not. at 3; Defs. Br. at 3.)  Thus, venue will be proper in any district in Pennsylvania in which one of them resides.  See 28 U.S.C. § 1391(a)(1).  Since both defendants reside within the Middle District of Pennsylvania, venue is proper there.  See id.  Venue is improper in New Jersey under Section 1391(a)(1) because defendants do not both reside in New Jersey.  See id. (stating venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State") (emphasis added); see also Tischio, 16 F.Supp.2d at 516 (finding New Jersey venue improper under Section 1391(a)(1) because not all defendants resided in New Jersey).

   Venue is also improper under Section 1391(a)(2).  Here, the event giving rise to the claims was the motor vehicle accident, which occurred in Pennsylvania.  (Compl. at 1-2; Defs. Br. at 3.) See 28 U.S.C. § 1391(a)(2).  The location of the accident - Clearfield County, Pennsylvania - is within the Western District of Pennsylvania.  (Defs. Br. at 3.)  Thus, venue is proper in the Western District of Pennsylvania because the event giving rise to the claims occurred there.  (See id.)  See 28 U.S.C. § 1391(a)(2).  No part of the event giving rise to the claims occurred in New Jersey, and therefore venue is improper under

7

Section 1391(a)(2). <u>See</u> 28 U.S.C. § 1391(a)(2); <u>see also</u> <u>Tischio</u>, 16 F.Supp.2d at 516-17 (finding New Jersey venue improper under Section 1391(a)(2) because events giving rise to claims did not occur in New Jersey).

Venue is improper under Section 1391(a)(3). Section 1391(a)(3) may be used to establish venue only if no district has proper venue under Section 1391(a)(1) or (2). <u>See</u> 28 U.S.C. § 1391(a)(3) (stating venue is proper in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, <u>if there is no district in which the action may otherwise be brought</u>") (emphasis added). Here, both the Middle District of Pennsylvania and the Western District of Pennsylvania would be proper venues under Section 1391(a). <u>See</u> <u>id.</u> § 1391(a)(1)-(2). Thus, venue in New Jersey may not be established under Section 1391(a)(3). <u>See</u> <u>Calkins</u>, 117 F.Supp.2d at 425-26 (finding that proper venue in New Jersey could not be established under Section 1391(a)(3) because venue was appropriate in other districts).

Plaintiffs argue that venue in New Jersey is properly established by 49 U.S.C. § 13304. (Pls. Reply Br. at 3.) According to plaintiffs, because Watsontown is subject to personal jurisdiction in New Jersey - under 49 U.S.C. § 13304 - venue is also proper in New Jersey. (<u>Id.</u> at 3-10.) In making

8

this argument, plaintiffs' counsel mistakenly conflates the concepts of venue and jurisdiction.[3]

49 U.S.C. § 13304(a) provides that

> A motor carrier or broker providing transportation subject to jurisdiction under chapter 135, including a motor carrier or broker operating within the United

---

[3] Plaintiffs also identify a number of actions in which this Court has sua sponte issued orders to show cause pertaining to "jurisdictional questions." (Pls. Br. at 14-17.) Plaintiffs attempted to use this information to show that the Court is biased against them. (See id. at 13-18.) In making this argument, plaintiffs' counsel demonstrates a lack of understanding of this Court's jurisdictional authority. This Court has an independent obligation to ensure that it has subject matter jurisdiction over every action, even if the issue is not raised by a party. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Wachovia Bank v. Schmidt, 546 U.S. 303, 316 (2006); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). Where subject matter jurisdiction is lacking, this Court is without authority to adjudicate the action. Arbaugh, 546 U.S. at 514 (emphasizing that subject matter jurisdiction involves court's power to hear a case and court lacking subject matter jurisdiction must dismiss complaint in its entirety); Wachovia Bank, 546 U.S. at 316 (stating that subject matter jurisdiction "concerns a court's competence to adjudicate a particular category of cases"); Ruhrgas AG, 526 U.S. at 583 (recognizing that court acts "ultra vires" where it decides merits of action without having jurisdiction). Subject matter jurisdiction, therefore, cannot be waived by the parties. Arbaugh, 546 U.S. at 514. Thus, that this Court has sua sponte issued orders to show cause pertaining to jurisdictional questions merely illustrates that this Court is fulfilling its obligation to determine the existence of subject matter jurisdiction before adjudicating the merits of an action. See id.; Ruhrgas AG, 526 U.S. at 583.

9

> States while providing transportation between places in
> a foreign country or between a place in one foreign
> country and a place in another foreign country, shall
> designate an agent in each State in which it operates
> by name and post office address on whom process issued
> by a court with subject matter jurisdiction may be
> served in an action brought against that carrier or
> broker. The designation shall be in writing and filed
> with the Department of Transportation and each State in
> which the carrier operates may require that an
> additional designation be filed with it. If a
> designation under this subsection is not made, service
> may be made on any agent of the carrier or broker
> within that State.

49 U.S.C. § 13304(a). This statute merely requires a motor carrier to designate an agent in each state in which it operates. See id. The statute does not mention venue; rather, it pertains to personal jurisdiction over motor carriers. See id. Generally, the presence of a motor carrier's agent in a state allows that state to exercise personal jurisdiction over the motor carrier. See Ocepek v. Corporate Transp., Inc., 950 F.2d 556, 557 (8th Cir. 1991) (finding that motor carrier's designation of agent in state under prior version of this statute gave that state personal jurisdiction over motor carrier by consent); Wynne v. Queen City Coach Co., 49 F.Supp. 103, 104 (D.N.J. 1943) (stating that motor carrier's designation of agent in state is a consent to be sued in that state).

That a state can exercise personal jurisdiction over a party does not mean that the state is also a proper venue for the action. See Wall St. Aubrey Golf, LLC v. Aubrey, 189 Fed.Appx. 82, 87 (3d Cir. 2006). Jurisdiction and venue are two distinct

concepts. Id. (explaining that venue is "primarily a matter of choosing a convenient forum" while jurisdiction "entails a court's very authority to adjudicate a matter in the first place"). Assuming arguendo that New Jersey has personal jurisdiction over Watsontown does not mean that New Jersey is a proper venue for this action. See id. ("[Section 1391] plainly contemplates that while multiple district courts may have jurisdiction, it is possible, and even likely, that only a smaller subset will properly have venue."). This is because "jurisdiction alone does not confer venue." Id. Here, venue in New Jersey is improper because the requirements of Section 1391 are not satisfied.[4]

---

[4] Three of the cases that plaintiffs cite in support of this argument are inapposite since they address personal jurisdiction, not venue. (Pls. Reply Br. at 4-9.) See Ocepek, 950 F.2d 556; Wynne, 49 F.Supp. 103; Madden v. Truckaway Corp., 46 F.Supp. 702 (D. Minn. 1942). The one case that does address venue is factually distinguishable. See Cent. Rigging & Contr. Corp. of Conn. v. J.E. Miller Transfer & Storage Co., 199 F.Supp. 40 (W.D. Pa. 1961). In Central Rigging, the court determined that venue was proper because, under Section 1391(c), the original forum was the defendant's corporate residence for venue purposes. Id. at 43. There was only one defendant in Central Rigging. Id. at 40. In contrast, there are two defendants in this action, and both defendants are considered when determining proper venue. (See Compl.) That Watsontown may be a resident of New Jersey under Section 1391(c) is of no moment here because Schleig is not a resident of New Jersey. (Rmv. Not. at 3.) See 28 U.S.C. § 1391(a), (c).

### B.    Application of 28 U.S.C. § 1406(a)

The Court has concluded that venue is improper, so the Court must either dismiss the Complaint or transfer the action to a district in which the action could have been brought. 28 U.S.C. § 1406(a); Lafferty, 495 F.3d at 77. In the interest of justice, the Court will transfer the action to the United States District Court for the Middle District of Pennsylvania. This action could have been brought in the Middle District of Pennsylvania. See 28 U.S.C. § 1406(a). Both defendants are Pennsylvania citizens and are subject to personal jurisdiction in Pennsylvania. (Rmv. Not. at 3; Defs. Br. at 4.) Further, the Middle District of Pennsylvania is a proper venue for the action because both defendants reside in Pennsylvania and within that judicial district. (Rmv. Not. at 3; Defs. Br. at 3.) 28 U.S.C. § 1391(a)(1); see also Tischio, 16 F.Supp.2d at 519 (concluding that action could have properly been brought in Western District of Virginia because all defendants were Virginia residents and subject to jurisdiction there).

### C.    Application of 28 U.S.C. § 1404(a)

The Court, in the alternative, will assume that venue is proper here and will analyze the transfer of venue issue under Section 1404(a). Defendants argue that the action should be transferred to the Middle District of Pennsylvania because it is a more convenient forum since the operative facts from which this

12

action arises occurred in Pennsylvania and the defendants both reside in Pennsylvania. (Defs. Br. at 5.) Defendants also assert that the Middle District of Pennsylvania is more convenient for witnesses to the accident, including the investigating police officers, eyewitnesses, and medical personnel at Clearfield Hospital. (Id. at 6.) Further, defendants argue that Pennsylvania has a greater interest in this action because the accident occurred in Pennsylvania, and that Pennsylvania courts are more familiar with the applicable Pennsylvania law. (Id. at 7-8.)

Plaintiffs argue that the action should not be transferred because of plaintiffs' preference for a New Jersey forum and the issue of liability is not a significant factor in this dispute. (Pls. Br. at 5-6.) Also, plaintiffs argue that it would be difficult for them to litigate the matter in the Middle District of Pennsylvania, but, as an allegedly large corporation, Watsontown could easily absorb the cost of litigating in a foreign court. (Id. at 7.) Further, plaintiffs assert that all of Michelle Butz's treating physicians are located in New Jersey. (Id. at 8.) The plaintiffs contend that public factors, including practical considerations and local interests, favor a New Jersey forum. (Id. at 9-13.)

The Court finds that the Middle District of Pennsylvania is a more convenient forum and that transfer is appropriate under

13

Section 1404(a).  The Court must weigh private and public interests in determining whether transferring venue is in the interest of justice.  See Jumara, 55 F.3d at 879.  Here, the private and public interests favor transfer of venue.

The private interests in this action favor transfer to Pennsylvania.  Here, plaintiffs are New Jersey citizens and selected a New Jersey forum.  (Compl. at 1; Pls. Br. at 5-6). New Jersey, however, has no connection with the operative facts of this lawsuit since the action arises from a motor vehicle accident that occurred in Pennsylvania.  (Compl. at 1-4.)  Thus, plaintiffs' choice of forum is accorded little weight.  See LG Elecs. Inc. v. First Int'l Computer, Inc., 138 F.Supp.2d 574, 590 (D.N.J. 2001) ("When the central facts of the lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference.") (internal quotations omitted); Tischio, 16 F.Supp.2d at 521; see also NPR, Inc. v. Am. Int'l Ins. Co. of P.R., No. 00-242, 2001 WL 294077, at *4-*5 (D.N.J. Mar. 28, 2001) (according "significantly less weight" to plaintiff's forum choice where operative facts of lawsuit arose in defendant's preferred forum).  Defendants' preferred forum is Pennsylvania, where the operative facts of this action occurred. (See Defs. Br. at 4.)  Thus, the defendants' preference favors transfer of venue.  Where the claim arose also favors a transfer because the claim arose in Pennsylvania, and New Jersey does not

14

have any connection to the facts or events at issue in this action.

The other private interest factors are neutral. The convenience of the parties is neutral. Plaintiffs are located in New Jersey, and defendants, including individual defendant Schleig, are located in Pennsylvania. (See Compl. at 1; Rmv. Not. at 1-2.) Regardless of where the litigation occurs, at least one party will be forced to litigate away from home. Convenience of the witnesses is also neutral. The convenience of witnesses is only considered "to the extent that the witnesses may actually be unavailable for trial in one of the fora." See Jumara, 55 F.3d at 879. Here, although arguing that their witnesses will be inconvenienced, neither party has shown that their witnesses will be unable or unwilling to attend trial in an alternative forum. (See Pls. Br. at 8-9; Defs. Br. at 6-7.) Likewise, the location of books and records is neutral since neither party has shown that they will be unable to produce their files in an alternative forum. See Jumara, 55 F.3d at 879 (stating that location of books and records is factor only to extent they could not be produced in alternative forum). Together, the private interest factors favor transfer to the Middle District of Pennsylvania.

The public interest factors also favor transfer to Pennsylvania. The local interest factor strongly favors transfer

15

to Pennsylvania.  The defendants' conduct giving rise to this action occurred solely in Pennsylvania; none of defendants' conduct at issue or any other operative facts pertaining to this action occurred in New Jersey.  (See Compl. at 1-4.) Pennsylvania has significant contacts with the conduct and events underlying this litigation, and thus has a strong public interest in adjudicating this dispute.  See Hoffer v. Infospace.com, Inc., 102 F.Supp.2d 556, 576 (D.N.J. 2000) (concluding that state in which substantial amount of alleged culpable conduct occurred had strong public policy interest in adjudicating dispute); Tischio, 16 F.Supp.2d at 526 (recognizing that forum with more significant contacts with event underlying litigation had strong public interest in adjudicating dispute); see also Nanni v. Meredith Paving Corp., No. 94-7260, 1995 WL 128033, at *2 (E.D. Pa. Mar. 24, 1995) (emphasizing that state's citizens "have an interest in ensuring the safety of their highways and in resolving a personal injury dispute which originated within their state").

     The burden of jury duty and the applicable law also favor transfer to Pennsylvania.  The "burden of jury duty ought not to be imposed upon the people of a community which have no relation to the litigation."  Tischio, 16 F.Supp.2d at 526 (internal quotations omitted).  Here, the burden of jury duty is more fairly placed on the residents of Pennsylvania because the conduct and events underlying the litigation occurred there.  See

16

id.; see also Hoffer, 102 F.Supp.2d at 576.  The applicable law in this action will likely be Pennsylvania law since Pennsylvania appears to have the more significant contacts with the parties and the action.  See Hoffer, 102 F.Supp.2d at 576-77.  Because Pennsylvania judges are likely more familiar with Pennsylvania law, this factor favors transfer to Pennsylvania.  See id. at 577 (finding that likely applicability of Washington law favors transfer to Western District of Washington); see also Jolly v. Faucett, No. 06-3286, 2007 WL 137833, at *3 (E.D. Pa. Jan. 16, 2007) (recognizing that likely application of Maryland law favors transfer to district court in Maryland).

   The remaining public interest factors are neutral.  Enforceability of the judgment does not favor either forum because the ultimate judgment will be enforceable in both states.  See Yocham, 565 F.Supp.2d at 559.  Practical considerations are also neutral because both parties have witnesses and records located in their home states.  Thus, no matter where the litigation occurs, at least one party will have to transport witnesses and records from one forum to the other.  See id.  Administrative ease also does not favor either forum since nothing indicates that there is any related litigation pending in a different forum. Cf. Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F.Supp.2d 518, 537 (D.N.J. 2000) (stating that where related actions exist, it is in the interest of justice to

permit both actions to proceed before one court).  Also, public policy concerns do not favor one forum over the other.  Thus, together, the public interest factors favor transfer of the action to the Middle District of Pennsylvania.

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant the Order to Show Cause, and (2) transfer the action to the Middle District of Pennsylvania.  The Court will issue an appropriate order.

                                        s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated: April 7, 2009